the subject of *S. Nathan & Co., Inc.* v. *United States* (37 C. C. P. A. 99, C. A. D. 426), the claim at 10 percent under paragraph 1528 was sustained.

**No. 54979.**—S. Nathan & Co., Inc., et al. *v.* United States, protests 156514–K, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of synthetic stones the same in all material respects as those the subject of *S. Nathan & Co., Inc.* v. *United States* (37 C. C. P. A. 99, C. A. D. 426), the claim at 10 percent under paragraph 1528 was sustained.

**No. 54980.**—A. Diagonale & Sons, Inc. *v.* United States, protest 162960–K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of synthetic stones the same in all material respects as those the subject of *S. Nathan & Co., Inc.* v. *United States* (37 C. C. P. A. 99, C. A. D. 426), the claim at 10 percent under paragraph 1528 was sustained.

**No. 54981.**—John J. Ward *v.* United States, protest 163871–K (New York).

Opinion by COLE, J. It was stipulated that the merchandise in question is similar in all material respects to that the subject of *Roovers Bros., Inc.* v. *United States* (23 Cust. Ct. 53, C. D. 1190). The claim of the plaintiff was therefore sustained.

**No. 54982.**—John V. Carr & Son, Inc. *v.* United States, protests 112934–K, 113682–K, and 114371–K (Detroit).

Opinion by COLE, J. In accordance with stipulation of counsel that the merchandise consists of selenium dioxide the same in all material respects as the substance passed upon in *John V. Carr & Son, Inc.* v. *United States* (25 Cust. Ct. 77, C. D. 1267), the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, DECEMBER 14, 1950

**No. 54983.**—Jean R. Graef, Inc., et al. *v.* United States, protests 112175–K, etc. (New York).

Opinion by Lawrence, J. It was stipulated that the items of merchandise marked "A" or "B" on the invoices consist of watch movements similar in all material respects to those which were the subject of *United States* v. *Helbros Watch Co. et al.* (38 C. C. P. A. 1, C. A. D. 430). Upon the agreed statement of facts and the cited authority, the items marked "A" were held properly dutiable at the base rate of 90 cents each as watch movements more than 1 inch but less than 1.77 inches wide, and the items marked "B" were held dutiable at $1.20 each as watch movements more than $\frac{9}{10}$ of 1 inch but not more than 1 inch wide under paragraph 367 (a) (1), as modified, *supra*.

**No. 54984.**—Accro Bond Watch Co. et al. *v.* United States, protests 112617–K, etc. (New York).

Opinion by Lawrence, J. It was stipulated that the items of merchandise marked "A" or "B" on the invoices consist of watch movements similar in all material respects to those which were the subject of *United States* v. *Helbros Watch Co. et al.* (38 C. C. P. A. 1, C. A. D. 430). Upon the agreed statement of facts and the cited authority, the items marked "A" were held properly dutiable at the base rate of 90 cents each as watch movements more than 1 inch but less than 1.77 inches wide, and the items marked "B" were held dutiable at $1.20 each as watch movements more than $\frac{9}{10}$ of 1 inch but not more than 1 inch wide under paragraph 367 (a) (1), as modified, *supra*.

**No. 54985.**—American Merchandise Co., Inc., et al. *v.* United States, protests 9635–K, etc. (New York).

Opinion by Rao, J. The protests were dismissed.

**No. 54986.**—Ashear Bros., Inc., et al. *v.* United States, protests 137118–K, etc. (New York).

Opinion by Rao, J. The protests were dismissed.

BEFORE THE THIRD DIVISION, DECEMBER 14, 1950

**No. 54987.**—Damascus Trading Co. et al. *v.* United States, protests 141770–K, etc. (New York).